UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL S. KALOGHLIAN, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>BEST BUY STORES, L.P., a Virginia Limited Partnership, and DOE ONE through and including DOE ONE-HUNDRED,<br><br>　　　　Defendant. | Case No. 08-4171 SC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO <u>TRANSFER VENUE</u> |

**I.　INTRODUCTION**

　　This matter comes before the Court on the Motion to Transfer Venue ("Motion") filed by the defendant Best Buy Stores, L.P. ("Defendant" or "Best Buy").  Docket No. 11.  The plaintiff Manuel S. Kaloghlian ("Plaintiff") filed an Opposition and Defendant submitted a Reply.  Docket Nos. 17, 19.  For the following reasons, Defendant's Motion is GRANTED.

**II.　BACKGROUND**

　　According to the First Amended Complaint ("FAC"), Plaintiff worked at Best Buy from November 2004, until he was terminated on April 18, 2008.  FAC, Docket No. 16, ¶ 14.  During this time,

Plaintiff worked only at Best Buy's Burbank store, located in the County of Los Angeles. Id.; Bonura Decl., Docket No. 13, ¶ 8. As of June 28, 2008, Plaintiff still was living in the Central District. FAC Ex. 2. Plaintiff filed the present class action alleging various claims, including violations of California Labor Code §§ 203, 204, 226(a) and 226(c). Best Buy filed its Motion arguing that the case belongs in the Central District of California rather than in this Court.

### III. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation marks omitted). "A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis." Foster v. Nationwide Mut. Ins. Co., No. C 07-4928, 2007 WL 4410408, at *1 (N.D. Cal. Dec. 14, 2007) (relying on Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000)).

To support a motion for transfer, the moving party must establish that venue is proper in the transferor district, the transferee district is one where the action might have been brought, and the transfer will serve the convenience of the

2

parties and witnesses and will promote the interests of justice. Foster, 2007 WL 4410408, at *2. In determining these issues, courts look to the following factors: (1) plaintiff's choice of forum; (2) convenience of the parties and witnesses; (3) ease of access to the evidence; (4) familiarity of each forum with the applicable law; (5) feasibility of consolidation with other claims; (6) any local interest in the controversy; and (7) the relative court congestion and time of trial in each forum. Id.

## IV.  DISCUSSION

### A.  Whether Action Could Have Been Brought in Central District

It is uncontested that Plaintiff could have filed his action in the Central District. Plaintiff is a resident of Los Angeles County, which is in the Central District, and the alleged acts or omissions by Best Buy in relation to Plaintiff occurred in the Central District. See, e.g., FAC ¶ 14 (stating "[d]uring his employment with Defendant, Kaloghlian was systematically deprived of wage statements that comply with the requirements of section 226 of the California Labor Code"). Subject matter jurisdiction would also exist in the Central District, as diversity jurisdiction would be unaffected by the proposed transfer. Finally, venue in the Central District is proper as both Best Buy and Plaintiff are residents of that district. 28 U.S.C. § 1391.

### B.  Plaintiff's Choice of Forum

In general, a plaintiff's choice of forum carries substantial weight in a motion to transfer venue. Foster, 2007 WL 4410408, at

3

*2; Flint v. UGS Corp., No. C 07-4640, 2007 WL 4365481, at *3 (N.D. Cal. Dec. 12, 2007). In class actions, however, a plaintiff's choice of forum is often accorded less weight. See Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) (stating that "[a]lthough great weight is generally accorded plaintiff's choice of forum, . . . when an individual . . . represents a class, the named plaintiff's choice of forum is given less weight").

In the present case, Plaintiff seeks to represent a class of "all natural persons who were tendered a check for services performed for Defendant Best Buy in California during the period beginning August 29, 2004, to the filing of [the] motion for class certification in this case." FAC ¶ 30. As Plaintiff seeks to represent a class, his choice of forum is accorded less weight. Lou, 834 F.2d at 739; see also Koster v. (Am.) Lumbermens Mut. Cas. Co., 330 U.S. 518 (1947) (stating "where there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the corporation's cause of action and all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened"); Italian Colors Rest. v. Am. Express, No. C 03-3719, 2003 WL 22682482, at *5 (N.D. Cal. Nov. 10, 2003) (stating that one of the factors weighing against consideration of plaintiffs' choice of forum was the fact that plaintiffs had brought the case as a class action).

In addition, "[i]n judging the weight to be accorded [the plaintiff's] choice of forum, consideration must be given to the

4

extent of [the parties'] contacts with the forum, including those relating to [the plaintiff's] cause of action." Id. If Plaintiff has alleged any contacts with the Northern District, the Court is unable to find them. As Plaintiff himself alleges, his entire employment with Best Buy was in Los Angeles County. FAC ¶ 14. Moreover, as of June 28, 2008, Plaintiff was still living in the Central District. FAC Ex. 2.

Rather than concentrating on his contacts with this forum, Plaintiff, perhaps because he has none, instead focuses on Best Buy's contacts with the Northern District. For example, Plaintiff alleges that Best Buy has a number stores in Northern California. FAC ¶ 2. Whether Best Buy has stores in this district, however, is largely irrelevant. See Lou, 834 F.2d at 739 (stating "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or the subject matter, [the plaintiff's] choice is entitled to only minimal consideration").

Plaintiff also argues extensively that because another class action, Kurihara v. Best Buy Co., Inc., Case No. 06-1884, is currently being litigated in this district, Plaintiff's action should remain here. Plaintiff states:

> Plaintiff is a class member and claimant in the Kurihara action pending in the Northern District of California. Plaintiff has already subjected himself to the jurisdiction of the Northern District. As already discussed, the proposed settlement release in Kurihara is so broad and overreaching that it would extinguish all California Labor Code claims for nearly 50,000 current and former Best Buy employees. . . . Shortly, Kaloghlian will also file a motion to intervene in Kurihara. If

5

> granted by Judge Patel, Plaintiff will be a party in Kurihara pending in the Northern District. This Court should defer its ruling on the transfer motion until the Kurihara matter is resolved.

Opp'n at 5-6.

Plaintiff's argument lacks merit. Plaintiff already sought to relate his case to Kurihara and Judge Patel, as Plaintiff concedes, denied this motion. See Eisen Decl., Docket No. 12, Ex. A. Moreover, if Plaintiff is concerned that resolution of Kurihara will preclude him from asserting his own claims, surely Plaintiff may opt out of the class settlement in Kurihara. The Court can find no reason why the fact that Kurihara is located in this district would have any impact on Plaintiff's choice of forum.

Finally, "[w]here plaintiff's choice of forum is a district other than one in which he resides, his choice may be given considerably less weight." Strigliabotti v. Franklin Res., Inc., Case No. 04-0883, 2004 WL 2254556, at *3 (N.D. Cal. Oct. 5, 2004). It is undisputed that Plaintiff, as of July 2008, was living within Los Angeles County. In light of Plaintiff's allegations and the relevant caselaw, the Court finds that Plaintiff's choice of forum is entitled little, if any deference.

### C. Convenience of Parties and Witnesses

"In analyzing whether transfer of a case would serve the convenience of the witnesses, the Court must look at who the witnesses are, the nature of what the testimony will be, and why such testimony is relevant or necessary." Flint, 2007 WL 4365481, at *4.

1     Plaintiff, as a resident of the Central District, has failed
2 to present any reasons why litigating his case in the Northern
3 District would be more convenient for him.  Defendant, on the
4 other hand, has presented evidence that many of the potential
5 witnesses reside in the Central District.  For example, Best Buy's
6 Human Resources Manager, the District Human Resources Manager, a
7 Car Electronics Supervisor, an Operations Services Specialist, and
8 an Administrative Assistant, all of whom would have information
9 relevant to Plaintiff's employment with, and suspension and
10 termination by, Best Buy, are located in the County of Los
11 Angeles.  Lizardo Decl., Docket No. 14, ¶ 7.  The Court therefore
12 finds that the convenience of the parties and witnesses
13 substantially favors transfer to the Central District of
14 California.

### D. **Ease of Access to the Evidence**

16     "Documents pertaining to defendants' business practices are
17 most likely to be found at their personal place of business."
18 <u>Italian Colors Rest.</u>, 2003 WL 22682482, at *5.  Defendant has
19 presented evidence that Plaintiff's personnel file was stored at
20 the Burbank store location during Plaintiff's employment.  Bonura
21 Decl. ¶ 8.  Although neither party addresses the current location
22 of Plaintiff's file, Defendant has presented evidence that Best
23 Buy has more than twice as many stores in the Central District as
24 it does in the Northern District.  <u>Id.</u> ¶ 6.  Furthermore, each
25 Best Buy store in California houses the personnel files for its
26 non-exempt employees.  <u>Id.</u>  Thus, if Plaintiff succeeds in
27 certifying a class, it would appear that a majority of the

7

evidence will be in the Central District.

### E. Remaining Factors

The remaining factors - the familiarity of each forum with the applicable law, the feasibility of consolidation with other claims, any local interest in the controversy, and the relative court congestion and time of trial in each forum - are either neutral or weigh in favor of transfer.

## V. CONCLUSION

Mindful that "[l]itigation should proceed where the case finds its center of gravity," the Court finds that the Central District of California is a more appropriate venue for Plaintiff's action. Hoefer v. U.S. Dept. of Commerce, Case No. 00-0918, 2000 WL 890862, at *3 (N.D. Cal. June 28, 2000) (internal quotation marks omitted). Defendant's Motion to Transfer Venue is therefore GRANTED. Any matters presently scheduled for hearing are VACATED and must be renoticed in the United States District Court for the Central District of California. The clerk shall transmit the file to the clerk in that district pursuant to Civil Local Rule 3-14.

IT IS SO ORDERED.

Dated: November 12, 2008

_Samuel Conti_
UNITED STATES DISTRICT JUDGE

8